IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>  v.<br><br>NOE RAQUINIO,<br><br>    Defendant. | CIV. NO. 23-00231 JMS-WRP<br><br>ORDER DENYING "DEFENDANT [SIC] RIGHT TO MOVE STATE CRIMINAL CASE 3CPC-22-000941 TO FEDERAL COURT," ECF NO. 1 |

**ORDER DENYING "DEFENDANT [SIC] RIGHT TO MOVE STATE CRIMINAL CASE 3CPD-22-000941 TO FEDERAL COURT," ECF NO. 1**

On May 28, 2023, Noe Raquinio ("Raquinio"), acting pro se, filed "Defendants [sic] Right to Move State Criminal Case 3CPC-22-000941 to Federal Court" ("Motion").  ECF No. 1.  On June 1, 2023, Raquinio filed "Defendant Juridictional [sic] Statement," purporting to justify subject matter jurisdiction, citing 28 U.S.C. § 1441 and "[u]nder Article III of the Constitution."  ECF No. 3.  On June 2, 2023, Raquinio filed a "Concise Statemen [sic]" and an "Affidavit" which purport to describe the events that led to the filing of this Motion.  ECF No. 4.

Raquinio seeks to remove a pending state court criminal case from the Circuit Court of the Third Circuit, State of Hawaii.[1]  Ordinarily, upon compliance with the notice requirements in 28 U.S.C. § 1455(a), removal of a criminal case will be effected without order of a court.  *Cf. Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("It is not necessary to secure an order from either the state or federal court in order to complete removal of the case.").  But, here, even construing Raquinio's filings as a Notice of Removal under § 1455(a), he did not comply with the statute's requirements because he has not provided "a copy of all process, pleadings, and orders served upon such defendant."[2]  Accordingly, the court liberally construes Raquinio's filings as a request or motion

---

[1] The state court docket in 3CP-22-0000941 reflects that Raquinio was charged by the State of Hawaii (not the United States, as Raquinio has captioned this case) in a November 23, 2022 Information with two counts: the illegal possession of ammunition in violation of Hawaii Revised Statutes ("HRS") § 134-27(a) (count 1) and possession of ammunition after being convicted of a felony in violation of HRS § 134-7(b) (count 2).  *See State v. Noe Raquinio*, No. 3CPC-22-0000941 (Haw. 3rd. Cir. Ct.), Dkt. No. 1 (follow "eCourt Kokua"; then follow "Case Search" for Case ID 3CPC-22-0000941) (last visited June 2, 2023).  The state court docket reflects that he was arraigned on December 8, 2022.  The court takes judicial notice of these state court proceedings.  *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (stating that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).

[2] Because of the confusing nature of Raquinio's filings and the lack of compliance with § 1455(a), as of the date of this Order, the Clerk of Court has not taken steps to effect removal of the state court matter, but is awaiting further order by this court.  And many courts indicate that "both the state and federal courts have jurisdiction during the period between the filing of the notice of removal in federal court and the giving of notice to the state court."  Charles Alan Wright, *Federal Practice and Procedure* § 3736 (2018) (noting cases).  If removal had been effected, the court would summarily remand the action under 28 U.S.C. § 1455(b)(4).

to remove a criminal case pending against him in the Circuit Court of the Third Circuit, State of Hawaii, to this court. For the following reasons, the court concludes that Raquinio's criminal case is not subject to removal to this court.

The court must sua sponte review all removed actions to confirm that federal jurisdiction is proper. *See Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); *Seal Pro's LLC v. Hunter Modular Constr. Co., Inc.*, 2020 WL 12949459, at *1 (D. Haw. Feb. 25, 2020).

Raquinio's filings are unclear as to the basis for removal of his state criminal case to this court. But the ability to remove a criminal state court action to federal court is strictly limited—a state prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442, 1442a, and 1443.[3] And under 28 U.S.C. § 1455(b)(4), the Court must "promptly" examine the defendant's removal papers and "[i]f it clearly appears . . . that removal should not be permitted, the court shall make an order for summary remand."

Section 1442 applies to removal of certain cases by federal officers, and § 1442a applies to removal of certain cases by members of the United States armed forces. Here, Defendant has not alleged that he is a federal officer or a

---

[3] Raquinio cites 28 U.S.C. § 1441, *see* ECF No. 3 ("Juridictional [sic] Statement"), but that provision applies only to civil, not criminal, cases.

member of the United States armed forces—thus, neither 28 U.S.C. §§ 1442 nor 1442a apply.

Section 1443(1) authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof." To remove a state criminal prosecution under § 1443(1), a two-part test applies:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal citation omitted); *see also Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966); *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966); *Hankins v. Bryant*, 2023 WL 2254918, at *1 (S.D. Cal. Feb. 27, 2023). Here, Raquinio has not identified any state law or constitutional provision that denies him the opportunity to raise a federal right in state court, and he has likewise failed to show that he will be unable to enforce a federal right in state court.

Next, § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any

act on the ground that it would be inconsistent with such law." This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). This case does not fall under § 1443(2).

Finally, even if there were some plausible basis for Raquinio to remove the criminal action, his removal would be untimely because § 1455(b)(1) requires a notice of removal "no later that 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," without a showing of good cause. As noted earlier, the pending criminal case was filed in state court on November 23, 2022, with arraignment occurring on December 8, 2022. Good cause has not been shown, and nearly six months have passed since Raquinio's arraignment. *See, e.g.*, *Hawaii v. Thronas-Kahoonei*, 2020 WL 118251, at *2 (D. Haw. Jan. 10, 2020) (remanding removed criminal case, among other grounds, because "even if Thronas-Kahoonei was authorized to remove his underlying criminal prosecution, he would be time-barred [under § 1455(b)(1)]").

For the foregoing reasons, removal is not permitted by law. Nothing indicates Raquinio might be a federal officer under § 1442, and there is no plausible indication that § 1443 could apply. And, in any event, removal would be late under § 1455(b)(1). Accordingly, Raquinio's Motion is DENIED. The Clerk

of Court shall close this case and provide a copy of this Order to the Clerk of Court, Circuit Court of the Third Circuit, State of Hawaii .

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 2, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*State of Hawaii v. Raquinio*, Civ. No. 23-00231 JMS-WRP, Order Denying "Defendant [Sic] Right to Move State Criminal Case 3CPC-22-000941 to Federal Court," ECF No. 1